IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYNEL STEWARD,

       Petitioner,

vs.                                                           No. CIV 15-1178 JB/SCY

MESCALERO APACHE TRIBAL COURT,

       Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 25 U.S.C. § 1303 and 28 U.S.C. § 1915(e)(2), on: (i) the Petitioner's Interlocutory Appeal/Habeas Corpus,[1] filed December 17, 2015 (Doc. 1)("Petition"); and (ii) the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 27, 2016 (Doc. 5). The Court will grant Petitioner Tynel Steward's Application to Proceed Without Prepaying Fees or Costs. The Court will dismiss the Petition for failure to exhaust tribal court remedies.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a

---

[1] The court docket lists the Petitioner's Interlocutory Appeal/Habeas Corpus as "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." Section 2241 of Title 28 of the United States Code, however, applies to an individual that is in "custody under or by color of the authority of the United States or is committed for trial before some court therefor." 28 U.S.C. § 2241. Section 1303 of Title 25 of the United States Code, by contrast, provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The Court has reviewed the Petitioner's Interlocutory Appeal/Habeas Corpus, and it does not appear to refer to either 28 U.S.C. § 2241 or 25 U.S.C. § 1303. Because the Mescalero Apache Tribal Court is detaining Steward, however, the Court will construe his Interlocutory Appeal/Habeas Corpus as being brought under 25 U.S.C. § 1303.

complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing Steward's Petition, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Steward is presently incarcerated by and being prosecuted in the Mescalero Apache Tribal Court on charges of domestic violence in violation of § 10-26-1 of the Mescalero Apache Tribal Criminal Code.  See Criminal Complaint, filed December 17, 2015 (Doc. 1-1 at 4)("Criminal Complaint").  The Bureau of Indian Affairs Police Officers arrested Steward on October 27, 2015 and the Criminal Complaint was filed in Tribal Court on October 28, 2015.  See Criminal Complaint at 1-2.  The Tribal Court granted Steward's motion for a jury trial within 180 days of arraignment, set conditions of release, and granted his motion to excuse Mescalero Tribal Judge Joseph Little.  See Order, filed December 17, 2015 (Doc. 1-1 at 17).  The Tribal Court has held a pretrial conference and ordered pretrial exchange of evidence.  See Pre-Trial Conference and Exchange Discovery Statements, filed December 17, 2015 (Doc. 1-1 at 3).  Steward alleges dissatisfaction with the prosecution of the charges against him, and seeks immediate release from incarceration and dismissal of the Tribal Court proceeding.  See Petition at 1-8.

The Indian Civil Rights Act, 25 U.S.C. §§ 1301-1304, authorizes habeas corpus actions by any person detained to test "the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. When presented with a petition for habeas relief pursuant to § 1303, the federal court must, in the first instance, determine whether the petitioner has exhausted his tribal remedies. See Dry v. CFR Court of Indian Offenses for the Choctaw Nation, 168 F.3d 1207, 1209 (10th Cir. 1999). The doctrine of tribal exhaustion is a judicially-created rule that the Supreme Court of the United States established in National Farmers Union Insurance Companies v. Crow Tribe, 471 U.S. 845 (1985), and expanded in Iowa Mutual Insurance Company v. LaPlant, 480 U.S. 9 (1987).

Under the doctrine, a federal court should, as a matter of comity, require the parties to a lawsuit that implicates tribal interests to first exhaust their remedies in tribal court before pursuing an action in federal court. Keer-McGee Corp. v. Farley, 115 F.3d 1498, 1507 (10th Cir. 1997). Tribal courts play a vital role in tribal self-government, and respect for that role requires the tribal court to conduct examination of tribal issues first. Reservation Tel. Co-op. v. Affiliated Tribes, 76 F.3d 181, 184 (8th Cir. 1996). Absent exceptional circumstances, federal courts are to abstain from hearing cases that challenge tribal court authority until tribal remedies, including tribal appellate review, are exhausted. See Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1149 (10th Cir. 2011).

The tribal exhaustion doctrine applies to habeas corpus proceedings under 25 U.S.C. § 1303. See, e.g., Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 954 (9th Cir. 1998); Lyda v. Tah-Bone, 962 F. Supp. 1434, 1435-36 (D. Utah 1997)(Benson, J.). In evaluating a habeas petition, the Court is to be aware of its obligation to avoid intruding needlessly on tribal self-government. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 71 (1978).

The tribal exhaustion doctrine is subject to a narrow set of exceptions: (i) where harassment motivates the exercise of tribal jurisdiction; (ii) where the tribal court action violates express jurisdictional prohibitions; or (iii) where requiring resort to tribal remedies would be futile.  See National Farmers Union Ins. Co. v. Crow Tribe, 471 U.S. at 851; Keer-McGee Corp. v. Farley, 115 F.3d at 1501.  Absent one of these exceptions, tribal remedies must be exhausted before proceeding in federal court.  See Valenzuela v. Silversmith, 699 F.3d 1199 (10th Cir. 2012); Navajo Nation v. Intermountain Steel Bldgs., Inc., 42 F. Supp. 2d 1222, 1226 (D.N.M. 1999)(Parker, J.).

None of the exceptions to the tribal exhaustion doctrine are present.  Although Steward contends that he is being prosecuted in violation of rights and privileges under the Constitution of the United States of America, there is nothing in the Petition or in the exhibits to the Petition alleging or showing that harassment motivates his prosecution.  The prosecution on domestic violence charges is clearly within the Mescalero Apache Tribal Court's jurisdiction.  Nor is the requirement that Steward exhaust his tribal remedies futile.  To the contrary, the criminal case is proceeding forward to trial with an opportunity for Steward to defend against the charges.  The Court therefore should abstain from exercising its habeas corpus jurisdiction until Steward has exhausted his tribal remedies.  See Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d at 1149; Navajo Nation v. Intermountain Steel Bldgs., Inc., 42 F. Supp. 2d at 1226.  On the face of Steward's Petition, it is apparent he has not exhausted his tribal remedies, and the Court will dismiss Steward's Petition for failure to state a claim upon which relief can be granted.  See Jones v. Bock, 549 U.S. 199, 214-15 (2007)(noting that a complaint may be subject to dismissal under rule 12(b)(6) when an affirmative defense appears on its face).

**IT IS ORDERED** that the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 27, 2016 (Doc. 5), is granted, the Petitioner's Interlocutory Appeal/Habeas Corpus, filed December 17, 2015 (Doc. 1), is dismissed without prejudice, for failure to state a claim based on lack of exhaustion of tribal remedies, and the Court will enter final judgment.

                                                                                  _____
                                                                                  UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Tynel Steward
Carrizozo, New Mexico

        *Plaintiff pro se*